# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JAMES WILLIAM WALKER,<br><br>               Petitioner,<br>vs.<br><br>PAT MCTIGHE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>               Respondents. | **CV 18-28-BU-BMM-KLD**<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner James William Walker ("Walker") filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Walker subsequently filed an amended petition with exhibits. (Docs. 8, 8-1 to 8-3.) United States Magistrate Judge Kathleen L. DeSoto issued Findings and Recommendations on November 12, 2019. (Doc. 19.) Judge DeSoto recommends that the Court dismiss with prejudice Walker's amended petition. (Doc. 19 at 18.) Walker filed an objection to Judge DeSoto's Findings and Recommendations on December 19, 2019. (Doc. 24.)

The Court reviews de novo those Findings and Recommendations to which a party timely objected. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute

1

perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the Findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

A federal court generally considers a state prisoner's request for habeas corpus relief only after the prisoner exhausts all available state law remedies. 28 U.S.C. § 2254(b)(1). When a state prisoner fails to exhaust all available state law remedies, his federal habeas claim is procedurally defaulted. *Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011). Courts will excuse the procedural default if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Judge DeSoto concluded that Walker did not demonstrate cause and actual prejudice or that failing to consider the claims would result in a fundamental miscarriage of justice, and recommended that the Court dismiss with prejudice Walker's Amended Petition. (Doc. 19 at 17-18.)

Walker specifically objects to Judge DeSoto's findings that: (1) Walker could have effectively filed an appeal in state court, as evidenced by a document Walker filed in state district court in October 2017, a letter Walker wrote and sent

to Victor Bunitsky (one of Walker's prior attorneys) in November 2017, and a letter Walker sent to the Ninth Circuit Court of Appeals (Doc. 19 at 10-11); (2) Walker's physical health and prison housing status in 2017 did not interfere with Walker's ability to file claims in state court (Doc. 19 at 11); and (3) Walker could have advanced his theory that Gregory allegedly tampered with and altered the trial transcript in state court (Doc. 19 at 12). (Doc. 24 at 39-40, 43.) Walker also objects to Judge DeSoto's statement that, "[t]he purported transcript alterations are based upon nothing more than Walker's speculation and conclusory beliefs." (Doc. 24 at 44 (quoting Doc. 19 at 16).) Walker further objects to Judge DeSoto's evaluation of the evidence concerning Walker's actual innocence. (Doc. 24 at 44 (citing Doc. 19 at 16).)

The Court reviewed carefully Walker's Amended Petition and exhibits, Judge DeSoto's Findings and Recommendations, and Walker's objections. Walker's objections constitute an attempt to engage the Court in reargument of the same arguments he previously made. The Court reviewed Judge DeSoto's Findings and Recommendations (Doc. 19), therefore, for clear error. *See Rosling*, 2014 WL 693315, at *3. The Court finds no error.

Walker made two additional requests in his objections. First, Walker moves the Court for additional time to follow-up with and gather information from Flanagan and Dr. Coil. (Doc. 24 at 43.) Walker's request emphasizes his

disagreement with Judge DeSoto's Findings and Recommendations, but Walker has not demonstrated to the Court that the information he seeks from Flanagan and Dr. Coil would support his objections. The Court denies Walker's request for additional time to follow-up with and gather information from Flanagan and Dr. Coil.

Walker also asks the Court to allow him to confidentially divulge his confidential informant's personal information to protect his informant from harm and possible retaliation. (Doc. 24 at 43.) The Court is not able to discern how Walker's confidential informant would help Walker cure the procedural deficiencies in his case, and Walker has not otherwise advanced a convincing legal argument that his informant's identity must be kept confidential. The Court denies Walker's request to confidentially divulge his confidential informant's personal information.

**IT IS ORDERED** that Judge DeSoto's Findings and Recommendations (Doc. 19) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Walker's Amended Petition (Doc. 8) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Walker files a Notice of Appeal.

DATED this 22nd day of January, 2020.

_____
Brian Morris
United States District Court Judge